UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>JUSTIN CURTIS WERLE,<br><br>　　　　　　　Defendant.<br>_____ | No. 2:14-CR-041-JLQ<br><br>MEMORANDUM OPINION<br>ON RESENTENCING |

　　　The resentencing hearing in this matter was held on August 5, 2016. Defendant was present, in custody, and represented by Assistant Federal Defender Matthew Campbell. The Government was represented by Assistant United States Attorney Timothy Ohms. The court heard argument of counsel and heard from the Defendant. At the conclusion of the hearing, the court announced the sentence. This Order memorializes and supplements the oral findings and conclusions of the court.

**I. Introduction**

　　　Defendant, Justin Curtis Werle ("Defendant"), was Indicted on March 4, 2014. The Indictment (ECF No. 1) charged him in Count I with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and in Count II with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Defendant litigated a Motion to Suppress (ECF No. 35), and from the hearing, *inter alia,* the court is very familiar with the facts and circumstances of this offense. After the court denied in part the Motion to Suppress, Defendant entered a plea of guilty on June 26, 2014, pursuant to a Plea Agreement, to both counts of the Indictment. The Presentence report calculated the

ORDER - 1

Defendant had at least three prior qualifying convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(1) and was subject to a mandatory minimum sentence of 15-years.

The court received briefing from the parties and made the determination Mr. Werle was subject to the ACCA enhancement and the United States Sentencing Guideline range was 188 to 235 months. At the September 5, 2014 sentencing, the Government argued for a sentence of 199 months, and the Defendant argued for 73 months. The court imposed a sentence of 180-months, and Defendant appealed. The Ninth Circuit Court of Appeals affirmed the conviction, but vacated the sentence and remanded for resentencing. The Court of Appeals stated: "We hold that the Washington riot statute does not qualify as a violent felony for purposes of the ACCA sentencing enhancement." The matter was returned to this court for resentencing.

## II. Discussion

The court has directed the United States Probation office prepare an Amended Presentence Report ("PSR") which did not contain the ACCA enhancement and allowed the parties to file supplemental briefs and sentencing memoranda. (See Order at ECF No. 74). The PSR calculated a total offense level of 27, a criminal history category of VI, and a Guideline Range of 130 to 162 months. Defendant objected to the PSR Guideline calculation and contended his two prior convictions for harassment in violation of RCW 9A.46.020(b)(ii) were not "crimes of violence" under USSG § 2K2.1, which uses the definition of "crime of violence" contained in USSG § 4B1.2. Defendant argued without the enhancement the correct base offense level was 20, not 26, and the adjusted offense level would be 21, with criminal history VI, and a Guideline range of 77 to 96 months. (ECF No. 77, p. 1-2). Defendant requested a downward variance to a sentence of between 51 and 63 months on the basis that the four-level enhancement for the firearm having an obliterated serial number is unfair. (ECF No. 77, p. 9).

ORDER - 2

The Government argued the harassment convictions qualify as crimes of violence and the correct Guideline range is as calculated in the PSR 130 to 162 months. The Government contends the appropriate sentence is 146 months, which would require running the sentences on Count I (felon in possession of firearm) and Count II (possession of unregistered firearm) consecutively. Each count carries a 10-year maximum sentence, and the sentences are not required to be run consecutively.

The Probation Officer determined the prior convictions qualify as crimes of violence and answered the Defendant's objection in an Addendum to the PSR. The Addendum (ECF No. 89) concludes the crime of harassment under RCW 9A46.020(2)(b)(ii) "includes, as an element, the knowing or threatened use of physical force against the person of another." (ECF No. 89, p. 2). The amended PSR calculated a total offense level of 27, criminal history VI, and the Guideline range of 130 to 162 months. The Probation Officer recommended the sentences on the two counts run consecutively to reach a sentence within the Guideline range.

**A. Crime of Violence**

At the September 2014 sentencing, Defendant conceded the harassment charges were violent felonies under the ACCA. (ECF No. 52, p. 2)("Mr. Werle has only two convictions for ACCA predicates."). Defendant now argues the convictions do not meet the definition of "crime of violence" in the Guidelines. The definitions are substantively the same, however there has been a significant intervening change in the law in *Johnson v. United States*, 135 S.Ct. 2551 (2015), wherein the Supreme Court struck down the "residual clause" of the ACCA. Neither the Supreme Court or the Ninth Circuit Court of Appeals has yet determined that the *Johnson* analysis applies to the residual clause of § 4B1.2. However, that issue need not be reached herein, as the court finds Defendant's Washington harassment conviction qualifies under the elements/force clause of 4B1.2(a)("has as an element the use, attempted use, or threatened use of physical force against the person of another").

ORDER - 3

Defendant's convictions for harassment were under RCW 9A.46.020(2)(b)(ii), which requires a knowing threat to cause bodily injury immediately or in the future to the person threatened or to any other person by threatening to kill the person threatened or any other person. The Guidelines definition of "crime of violence" is contained at 4B1.2(a) and provides:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

    (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[1]

This court must first apply the "categorical approach" looking only to the fact of conviction, the statutory definitions, and not to the particular facts underlying the offense. *United States v. Werle*, 815 F.3d 614, 618 (9th Cir. 2016) citing *Taylor v. United States*, 495 U.S. 575 (1990). The court compares the elements of the prior conviction with the generic offense. Defendant admits that Washington felony harassment has as an element: "the defendant knowingly threatened to kill (name of person) immediately or in the future". (ECF No. 77, p. 4). Werle's conviction for harassment, under subsection (b)(ii) which contains a threat to kill, is a crime with an element the "threatened use of physical force against the person of another", and therefore qualifies as a "crime of violence."

Defendant's arguments that the conviction does not qualify as a crime of violence appear to be: 1) violation of the harassment statute does not require an intentional act; 2) the level of force required does not rise to violent force; and 3) there is no immediacy

---

[1] USSG § 4B1.2(a) was amended effective August 1, 2016, but the amendment did not change 4B1.2(a)(1), which is the relevant provision here.

ORDER - 4

requirement.

**1. Intent** - The Washington felony harassment statute requires one "knowingly threaten" and the specific subsection requires a threat to kill. Knowingly threatening to kill requires intent. One does not recklessly or accidentally threaten to kill another. The Ninth Circuit recently issued a decision in *United States v. Benally*, No. 14-10452 (August 1, 2016), wherein it stated: "a crime of violence requires a mental state higher than recklessness–it requires intentional conduct." (Slip Op. p. 10).

Defendant contended at oral argument the use of "knowingly threaten" makes Washington harassment a general intent crime and such level of intent is not sufficient for a crime of violence. The Ninth Circuit Court of Appeals rejected a very similar argument in *United States v. Melchor-Meceno*, 620 F.3d 1180 (9th Cir. 2010). Therein the Ninth Circuit found a conviction for felony menacing under Colorado law categorically qualified as a crime of violence. The Colorado statute required a threat that knowingly placed another in fear of imminent serious bodily injury. The Ninth Circuit stated, "menacing is a general intent crime that requires the defendant to knowingly place another person in fear ... Therefore, the predicate offense of menacing includes the requisite *mens rea* of intent for a crime of violence." *Id.* at 1186.

Very recently in *Arellano Hernandez v. Lynch*, No. 11-72286 (9th Cir. August 1, 2016), the Ninth Circuit found a conviction for criminal threats under California Penal Code § 422 is categorically a crime of violence. Admittedly, the California statute and Washington harassment statute contain different language, but the California statute does include the following: "... even if there is no intent of actually carrying it [the threat] out...". (Slip Op. p. 6). The Washington Supreme Court has spoken to the meaning of "knowingly threaten" in RCW 9A.46.020 in *State v. Kilburn*:

> The statute requires that the defendant "knowingly threatens...". This means that "the defendant must subjectively know that he or she is communicating a threat, and must know that the communication he or she imparts directly or indirectly is a threat to cause bodily injury to the person threatened or to another person. Thus,

ORDER - 5

> one who writes a threat in a personal diary or mutters a threat unaware that it might be heard does not knowingly threaten.

151 Wash.2nd 36, 48 (2004)(internal citations omitted).

This court finds the Washington harassment statute contains a sufficient mens rea requirement ("knowingly threaten") to qualify as a crime of violence. See also *United States v. Palacios-Gomez*, __Fed.Appx.__; 2016 WL 1105296 (9th Cir. March 22, 2016)("Knowledge is a sufficiently culpable mental state to qualify as crime of violence.")

**2. Physical Force** - Defendant argued the Supreme Court has defined "physical force" as violent force, and the Washington harassment statute does not require violent force. Defendant relied on *Johnson v. United States*, 559 U.S. 133, 138 (2010). In *Johnson*, the Supreme Court was addressing whether a prior crime qualified as a "violent felony" under the ACCA. The court found, in that context, "force" meant "violent force–that is force capable of causing physical pain or injury to another person." *Id*. at 140.

Sentencing Guideline 4B1.2(a) speaks of the "threatened use of physical force against the person of another." The subsection of the Washington harassment statute under which Mr. Werle was convicted required that he knowingly threaten to kill another. The force required to kill is certainly violent force - - force capable of causing physical pain or injury. Defendant's argument in the Reply (ECF No. 91) that a threat to kill is not a crime of violence because even first degree murder is not a crime of violence is rejected. Defendant argues one could be convicted under Washington's first degree murder statute for starting a fire that leads to the death of a firefighter. Although this court need not definitively determine whether first degree murder is a crime of violence, Defendant's argument is unpersuasive. The argument that acts such as starting a fire, or as made in other cases, poisoning a drink, do not involve violent force are unconvincing. More convincing is the Supreme Court's statement in *United States v. Castleman*, 134

ORDER - 6

S.Ct. 1405, 1415 (2014):

> The 'use of force' in Castleman's example is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim.

The instant inquiry is not difficult. A threat to kill is clearly a threat to use physical force.

As a final note on this matter, whether Washington felony harassment qualifies as a violent felony under the ACCA has been previously addressed by the Ninth Circuit. It was addressed in an opinion that was overruled on other grounds by the Supreme Court. However, in *United States v. Descamps*, 466 Fed.Appx. 563, 565-66 (9th Cir. 2012), the Ninth Circuit set forth this rather straightforward analysis:

> We also reject Descamps's claim that his Washington state conviction for felony harassment is not a violent felony. The amended information charged Descamps with knowingly threatening to kill a judge in violation of the Revised Code of Washington § 9A.46.020(1)(a). Descamps pled guilty. Descamps argues that a threat to kill does not necessarily have as an element the threatened use of physical force. We reject this argument. A finding that a person threatened to kill necessarily requires a finding of "threatened use of physical force against the person of another."

This court recognizes that the *Descamps* panel opinion is not controlling authority, however it is illustrative of a common-sense analysis.

**3. Immediacy -** Defendant also argued Washington felony harassment is overbroad because it allows for the threat to be in the future. There is no immediacy requirement in the plain language of § 4B1.2(a). It states: "has as an element the use, attempted use, or threatened use of physical force against the person of another." Defendant cites no cases reading an imminent threat provision into the plain language. Defendant stated at oral argument one could be convicted for Washington harassment for making a threat to take action 30 years in the future. Defendant cites to no

ORDER - 7

Washington case law where individuals were convicted for making threats 30 years in the future. In assessing whether the elements of a conviction are overbroad, the court need not consider such hypotheticals. See *United States v. Fish*, 759 F.3d 1 (1st Cir. 2014)("In assessing whether the elements of the candidate proposed as a predicate crime are overbroad, we need not consider fanciful, hypothetical scenarios."); *United States v. Maxwell*, 823 F.3d 1057 (7th Cir. May 24, 2016)("[Defendant] cannot rely on fanciful hypotheticals not applicable in real world contexts (apart from law school exams) to show that the Minnesota statute is broader than the Sentencing Guidelines.") citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)("To find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.")

It may be that Defendant's imminent argument is not intended as a stand alone argument, but is part of his "physical force" argument–that the statute did not require violent force because the threat could be in the future. In either regard, Defendant's argument fails. A "crime of violence" includes "threatened use of physical force" and a threat necessarily implies future action. The definition of crime of violence does not include that the threat be imminent or immediate. Defendant's arguments as to overbreadth are rejected. The court finds Defendant's conviction for Washington harassment, under subsection (b)(ii) which contains a threat to kill, is a crime with an element the "threatened use of physical force against the person of another", and therefore qualifies as a "crime of violence."

### B. The 3553(a) Factors

The court has concluded the Guideline calculation in the PSR is correct and adopts the calculation: Offense Level is 27, Defendant's criminal history is Category VI, and the Guideline Range is 130 to 162 months. In its prior Sentencing Opinion (ECF No. 59, p.

ORDER - 8

5), this court set forth the nature and circumstances of the offense. Police responded to a report from family members that Defendant was armed, may have discharged a firearm in the house, and they were concerned about his mental state. Police officers encountered Defendant in a convenience store with a sawed-off shotgun under his coat. The court concluded:

> The most important factors to the court, are the need for adequate deterrence and the need to protect the public. As set forth in Defendant's Sentencing Memorandum (ECF No. 56, p. 6), Defendant has been sentenced on 15 previous occasions. Three of his prior sentences were for 1 year. Five of the sentences were in the 3 to 5 month range. These prior sentences have not deterred Defendant from further violent conduct. He was sentenced in August 2013 on the Riot conviction where he shot someone with a firearm, and a mere four months later was arrested on the instant offense. Defendant has engaged in a pattern of assaultive conduct, some of it involving deadly weapons–knives and firearms. The need to protect the public from further crimes of the Defendant is significant. (ECF No. 59, p. 6).

Those considerations remain paramount. Even while incarcerated, Defendant's failure to comply with the rules governing his behavior, and his assaultive conduct, have continued. Defendant was sentenced in September 2014, and by February 2016, had committed 7 infractions in Bureau of Prisons custody. Some of those infractions were for apparently minor violations of BOP rules, while others involved illegal drug use and assaultive conduct. (ECF No. 95, PSR at ¶¶ 149-155). Just days before his resentencing hearing, on August 1, 2016, Werle was involved in an alleged assault on another inmate at the Spokane County Jail.

The court, having considered all the 3553(a) factors, and considered the Guidelines Range of 130 to 162 months, finds a 140-month sentence is sufficient but not greater than necessary.

**C. Consecutive or Concurrent Sentences**

Defendant was convicted of two counts: 1) Felon in Possession of Firearm in violation of 18 U.S.C. § 922(g)(1), and 2) Possession of an Unregistered Firearm in

ORDER - 9

violation of 26 U.S.C. § 5861(d). Each count carries a maximum sentence of 10 years. Whether the sentences run consecutive or concurrent is, in this instance, within the court's discretion under 18 U.S.C. § 3584. Section 3584(b) directs that the court consider the 3553(a) factors as to each offense in determining whether the terms are to be ordered to run consecutively or concurrently. As set forth *supra,* the court has throughly considered the 3553(a) factors. In order to achieve a sentence within the Guideline range and in accord with the court's determination that a sentence of 140 months is sufficient but not greater than necessary in consideration of the 3553(a) factors, it is necessary that the sentences run consecutively. The Government argued for a consecutive sentence, and the United States Probation Office recommends a consecutive sentence.

Defendant stated at oral argument that running the sentences consecutively would be unduly punitive and the sentences were not imposed consecutively at the 2014 sentencing. At the prior sentencing, it was the judgment of this court that Defendant was subject to a 15-year mandatory minimum sentence under the ACCA on Count I, and a maximum term of life. Therefore, no issue of concurrent versus consecutive sentencing was argued to the court at the September 2014 sentencing.

**IT IS HEREBY ORDERED**:

Judgment shall be entered for a custodial term of 140-months, comprised of 120-months on Count I, 20-months on Count II to be served consecutively, and a three-year term of supervised release in accordance with this Order and the court's oral pronouncement at sentencing.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated August 8, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10