FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN CURTIS WERLE,<br><br>　　　　　Movant,<br><br>　-vs-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No.　2:14-CR-0041-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

　　　Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 128).

## BACKGROUND

　　　Mr. Werle pled guilty to a two count Indictment charging (1) Felon in Possession of a Firearm, and (2) Possession of an Unregistered Firearm. ECF No. 45. He was sentenced to 180 months on Count 1 and 120 months on Count 2, with the sentences to run concurrently. ECF No. 61. On appeal, the Ninth Circuit determined that Washington's felony riot statute did not qualify as a violent felony for the purposes of the ACCA sentencing act so remanded to the district court for resentencing. On remand, the district court sentenced Mr. Werle to a total of 140 months, this time sentencing Mr. Werle to the statutory maximum sentence of 120 months on Count 1 with a consecutive 20 month term on Count 2. ECF No. 100. The Ninth Circuit affirmed the new sentence. ECF No. 111

## DISCUSSION

　　　To gain relief, Mr. Werle must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open

to collateral attack. 28 U.S.C. § 2255. Mr. Werle established the first two prongs. To satisfy the third prong, he argues that the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191(2019) necessitates dismissal of the Indictment (as to Count 1) because the Government failed to allege or prove that Mr. Werle knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year when he possessed the firearm. He argues that the Court should adopt the Fourth Circuit's reasoning that such an omission is a structural error.

After Mr. Werle's Motion was filed, the Ninth Circuit examined a similar issue in *United States v. Johnson*, 963 F.3d 847 (9th Cir. 2020). Though the Ninth Circuit agreed that *Rehaif* applied retroactively, the Ninth Circuit reviewed for plain error. *Johnson*, 963 F.3d at 852. Mr. Werle asks the Court to distinguish *Johnson* from the facts of his case; however, a review of recent Ninth Circuit opinions suggests that the plain error analysis is the appropriate standard. See *United States v. Moore*, No. 18-10437, 2020 WL 5413007, at *3 (9th Cir. Sept. 9, 2020), see also *United States v. Collins*, No. 19-10154, 2020 WL 5816005, at *2 (9th Cir. Sept. 30, 2020).

Under plain error review, relief is not warranted unless there is "(1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). "To satisfy the fourth prong when a retrial would be permissible, a defendant must offer a plausible basis for concluding that an error-free retrial might end more favorably." *Johnson*, 963 F.3d at 852. On December 23, 2008, Mr. Werle signed his Felony Judgment and Sentence wherein Judge Sypolt imposed a sentence of 12 months and one day in "open Court and in the presence of the defendant [Mr. Werle]. . . ." Attachment 2, ECF No. 129. Based on this a jury would conclude that, Mr. Werle knew, or should have known, he had been convicted of a crime punishable by more than a year. The amount of time served is inapposite because the felon in possession statute requires that defendant knew that the prior conviction was *punishable* by a period exceeding a year, not that he served over a year. Therefore, the Defendant has not met the fourth prong.

ORDER ON § 2255 MOTION - 2

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013).  This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion.  Thus, a certificate of appealability should issue.

The Court has reviewed the file and Movant's Motion and is fully informed.  Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed June 19, 2020., **ECF No. 128**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel,
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- **CLOSE** the corresponding civil file, 2:20-cv-00184-WFN.

**DATED** this 16th day of October, 2020.

10-06-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 3