PROB 12C
(6/16)

Report Date:  June 11, 2026

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2026

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

ECF No. 225

Name of Offender: Justin Curtis Werle          Case Number: 0980 2:14CR00041-RLP-1

Address of Offender: █████████████     Spokane, Washington 99224

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rebecca L. Pennell, U.S. District Judge

Date of Original Sentence: September 5, 2014

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 180 months<br>TSR - 120 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(February 28, 2024) | Prison - 8 months<br>TSR - 28 months | |
| Revocation Sentence:<br>(May 19, 2025) | Prison - 14 months<br>TSR - 6 months | |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: May 26, 2026 |
| Defense Attorney: | Carter Liam Powers Beggs | Date Supervision Expires: November 25, 2026 |

___

### PETITIONING THE COURT

To issue a summons.

On May 29, 2026, the offender's conditions of supervised release were explained by the probation officer and he signed said conditions acknowledging he understood his requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence:** The offender is alleged to have violated special condition number 7, by ingesting a controlled substance, methamphetamine, on or about May 28, 2026.

On May 28, 2026, Mr. Werle reported to the U.S. Probation Office and submitted a urine specimen that was presumptive positive for methamphetamine.  At that time, he signed an admission form acknowledging use of said substance.

Prob12C

**Re: Werle, Justin Curtis**
**June 11, 2026**
**Page 2**

2          **Special Condition #8**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**:  The offender is alleged to have violated special condition number 8, by consuming alcohol, on or about May 28, 2026.

On May 29, 2026, Mr. Werle reported to the U.S. Probation Office for a scheduled appointment.  During that meeting, the probation officer smelled alcohol emanating from his person. When initially questioned, he denied alcohol use; however, he later admitted to consuming alcohol on or about May 28, 2026. He also signed an admission form acknowledging alcohol use.

3          **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 13, by failing to contact Pioneer Human Services (PHS) to schedule substance abuse and mental health assessments, as instructed by the probation officer.

On May 29, 2026, the probation officer instructed Mr. Werle to contact PHS to schedule his substance abuse and mental health assessments no later than June 1, 2026.

On June 2, 2026, this officer spoke with Mr. Werle via telephone and he admitted he had not called PHS to schedule his assessments on June 1, 2026, as instructed by this officer.  He was again instructed to contact PHS that same date to schedule said assessments.

On June 8, 2026, PHS notified the probation officer that Mr. Werle had not scheduled his substance abuse and mental health assessments, as instructed by the probation officer.

4          **Special Condition #8**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: The offender is alleged to have violated special condition number 8, by consuming alcohol, on or about June 4, 2026.

On June 10, 2026, the probation officer met with the offender at Spokane Addiction Recovery Centers (SPARC).  At that time, he admitted to last consuming alcohol on June 4, 2026.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

**Prob12C**
**Re: Werle, Justin Curtis**
**June 11, 2026**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    s/Lori Cross
_____

June 11, 2026
_____

Lori Cross
U.S. Probation Officer

---

THE COURT ORDERS

[  ]    No Action
[  ]    The Issuance of a Warrant
[✓]    The Issuance of a Summons
[  ]    The incorporation of the violation(s) contained in this
petition with the other violations pending before the
Court.
[  ]    Defendant to appear before the Judge assigned to the
case.
[✓]    Defendant to appear before the Magistrate Judge.
[  ]    Other

_____
Signature of Judicial Officer

June 11, 2026
_____
Date